## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**FRED JOHNSON (#133017)**  **CIVIL ACTION**

**VERSUS**

**20-772-SDD-RLB**

**JAMES LEBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 11, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRED JOHNSON (#133017)                                    CIVIL ACTION

VERSUS
                                                          20-772-SDD-RLB
JAMES LEBLANC, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (R. Doc. 19) filed on behalf of defendants James LeBlanc, Darrel Vannoy, Michael Jack, and Tammy Hendrickson. This Motion is not opposed.

The *pro se* Plaintiff, a person confined at the Louisiana State Penitentiary ("LSP"), filed this proceeding pursuant to 42 U.S.C. § 1983 against the aforementioned defendants, complaining that his constitutional rights have been violated due to his continued placement in extended lockdown, "CCR" unit. He seeks injunctive relief in the form of transfer from CCR to another area of the prison.

Defendants seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendants assert that since the plaintiff was transferred to the "CCR step-down dormitory" at Camp C, the plaintiff's request for injunctive relief is moot, and this action should be dismissed because the plaintiff has solely requested injunctive relief.

The Court agrees with defendants. Due to the plaintiff's transfer, his claim for prospective injunctive relief is now moot as the requested relief has been provided. *See Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (claims for injunctive relief moot when inmates transferred from solitary confinement).

In addition, in order to avoid a finding of mootness where a complained-of action has ceased, a plaintiff must be able to show both a reasonable expectation of a recurrence and that

the duration of the deprivation will be so short-lived as to be incapable of effective review. *See Haralson v. Campuzano,* 356 F. App'x. 692, 695–96 (5th Cir.2009). In the instant matter, even if the plaintiff is transferred back to CCR and subjected to the same limitations, his claim would be capable of review in this Court upon exhaustion of administrative remedies. *See Moore v. Cain*, 2017 WL 3485507 (M.D. La. Aug. 14, 2017). ("In the absence of a plausible allegation that Plaintiff is likely to be returned to administrative segregation under circumstances that will not allow him to assert his rights at that time, it appears clear that this claim is no longer properly before the Court.") As such, Plaintiff's claims should be dismissed.

## RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss (R. Doc. 19) be granted, and that this action be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on August 11, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**